FILED US District Court-UT
APR 17 '24 PM 12:07

TRINA A. HIGGINS, United States Attorney (#7349)
LUISA GOUGH, Assistant United States Attorney (#17221)
Attorneys for the United States of America
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111-2176
Telephone: (801) 325-3257

**SEALED**

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| UNITED STATES OF AMERICA, Plaintiff, vs. GEORGE GORDON, SHAQUILLE DEWAR, JAMAL DANIEL, and NICHOLAS HORACE TODD, Defendants. | INDICTMENT Count 1: Conspiracy to Commit Bank Fraud, 18 U.S.C. §§ 1349 and 1344 Counts 2–5: Bank Fraud, 18 U.S.C. § 1344 Counts 6–7: Aggravated Identity Fraud, 18 U.S.C. § 1028(A) Case: 2:24-cr-00129 Assigned To : Parrish, Jill N. Assign. Date : 4/16/2024 |
|---|---|

The Grand Jury charges:

## BACKGROUND

At all times relevant to this Indictment:

1.  Defendant GEORGE GORDON was a resident of the metro-New York City, New York area.

2.  Defendant SHAQUILLE DEWAR was a resident of the metro-New York City, New York area.

3.   Defendant JAMAL DANIEL was a resident of the metro-New York City, New York area.

4.   Defendant NICHOLAS HORACE TODD was a resident of the metro-New York City, New York area.

5.   America First Credit Union, Cyprus Credit Union, First Community Bank, Cache Valley Bank, and Mountain America Credit Union (collectively, the "Financial Institutions") were financial institutions doing business in the District of Utah and were all federally insured by the Federal Deposit Insurance Corporation or the National Credit Union Administration.

### The Scheme To Defraud

6.   Beginning in or about October 2023 and continuing through at least November 2023, in the District of Utah and elsewhere, GORDON, DEWAR, DANIEL, TODD, and others whose identities are known and unknown to the Grand Jury, did fraudulently obtain funds owned by and under the custody of the Financial Institutions by using identifying information of third parties to create false identifications for the purpose of withdrawing funds from the third parties' bank accounts.

7.   It was part of the scheme that indigent or other vulnerable individuals were used to present the false identifications to the Financial Institutions to withdraw funds from the third parties' bank accounts.

8.   It was further part of the scheme that the indigent or other vulnerable individuals were transported to and from the Financial Institutions by participants in the scheme for the purpose of obtaining funds from the third parties' bank accounts.

9. In total, participants in the scheme attempted to obtain at least $77,850 in funds from the Financial Institutions throughout the State of Utah and elsewhere, and did obtain at least $75,150 from the Financial Institutions as a result of the scheme to defraud.

## COUNT 1
18 U.S.C. §§ 1349 and 1344
(Conspiracy to Commit Bank Fraud)

10. All the allegations set forth in this Indictment are incorporated herein by reference and realleged as though fully set forth herein.

11. Beginning in or about October 2023 and continuing through at least November 2023, in the District of Utah and elsewhere,

**GEORGE GORDON,
SHAQUILLE DEWAR,
JAMAL DANIEL, and
NICHOLAS HORACE TODD,**

DEFENDANTS herein, did knowingly and willfully combine, conspire, and agree with others whose identities are known and unknown to the Grand Jury, to knowingly execute and attempt to execute a scheme and artifice to defraud the Financial Institutions and to obtain moneys, funds, credits, assets, securities, and other property owned by and under the custody and control of the Financial Institutions by means of materially false and fraudulent pretenses, representations, and promises.

### Object of the Conspiracy

12. It was the object of the conspiracy for the DEFENDANTS and their co-conspirators to fraudulently obtain funds owned by and under the custody of the Financial Institutions by using

3

identifying information of third parties to create false identifications for the purpose of withdrawing funds from the third parties' bank accounts.

### Manner and Means

13. The manner and means by which the DEFENDANTS and their co-conspirators, alone and in combination, sought to accomplish the objective of the conspiracy included, among others, the following:

   a. DEFENDANTS and others whose identities are known and unknown to the Grand Jury, traveled from their hometowns in the New York City-metro area to various states, including the state of Utah.

   b. It was a further part of the conspiracy that members of the conspiracy obtained stolen bank account and customer information—including customers' names, social security numbers, dates of birth, email addresses, account balances, and phone numbers—through various improper means.

   c. It was a further part of the conspiracy that members of the conspiracy, including DEFENDANTS and others whose identities are known and unknown to the Grand Jury, approached indigent or other vulnerable individuals and offered to help them make money if they agreed to pose as third parties and withdraw funds from the third parties' bank accounts.

   d. It was a further part of the conspiracy that members of the conspiracy created false identifications using the stolen customer information of third parties with photographs of the indigent or other vulnerable individuals.

e. It was a further part of the conspiracy that members of the conspiracy, including DEFENDANTS and others whose identities are known and unknown to the Grand Jury, purchased clothing for the indigent or other vulnerable individuals, helped them learn personal information of the third parties, and paid for them to travel and stay in the state of Utah and elsewhere.

f. It was a further part of the conspiracy that members of the conspiracy, including DEFENDANTS and others whose identities are known and unknown to the Grand Jury, used rental cars to drive the indigent and other vulnerable individuals to branches of the Financial Institutions and provided them the fake identification to use when withdrawing funds from the third parties' bank accounts. Conspirators, including DEFENDANTS, waited outside the banks in vehicles while the indigent and other vulnerable individuals entered the Financial Institutions and attempted to withdraw funds from the third parties' accounts using the fake identification.

g. It was further a part of the conspiracy that if the indigent or other vulnerable individuals were successful in withdrawing funds from the Financial Institutions, members of the conspiracy, including DEFENDANTS, paid the indigent or other vulnerable individual a percentage of the money obtained and kept the remainder of the money for themselves.

### Overt Acts of the Conspiracy

14. On or about the dates listed below, within the District of Utah, DEFENDANTS, and others whose identities are known and unknown to the Grand Jury, alone and in combination,

committed or caused to be committed the following overt acts, among others, in furtherance of the conspiracy:

15. On or about October 24, 2023, an indigent or other vulnerable individual was transported to America First Credit Union branch in Millcreek, Utah and provided with false identification in the name of D.D., to withdraw funds from an account owned by D.D. A total of $12,500 was withdrawn from D.D.'s account using the false identification.

16. On or about October 26, 2023, two indigent or other vulnerable individuals were transported to a Cache Valley Bank branch in Bountiful, Utah and provided with false identifications in the names of S.H. and D.P., respectively, to withdraw funds from accounts owned by S.H. and D.P. A total of $500 was withdrawn from S.H.'s account using the false identification. A total of $7,000 was withdrawn from D.P.'s account using the false identification.

17. On or about November 7, 2023, an indigent or other vulnerable individual was transported to America First Credit Union branch in Springville, Utah and provided with false identification in the name of J.E. to withdraw funds from an account owned by J.E. A total of $2,000 was withdrawn from J.E.'s account using the false identification.

18. On or about November 8, 2023, an indigent or other vulnerable individual was transported to America First Credit Union branch in Hyrum, Utah and provided with false identification in the name of R.S. to withdraw funds from an account owned by R.S. A total of $2,800 was withdrawn from R.S.'s account using the false identification.

All in violation of 18 U.S.C. §§ 1349 and 1344.

## COUNTS 2-5
## 18 U.S.C. § 1344
## (Bank Fraud)

19. All the allegations set forth in this Indictment are incorporated herein by reference and realleged as though fully set forth herein.

20. Beginning as early as October 2023, and continuing until at least November 2023, in the District of Utah and elsewhere,

**GEORGE GORDON,
SHAQUILLE DEWAR,
JAMAL DANIEL, and
NICHOLAS HORACE TODD,**

DEFENDANTS herein, knowingly and with intent to defraud, executed or attempted to execute a scheme and artifice to defraud financial institutions, as defined by 18 U.S.C. § 20, to wit: America First Credit Union and Cache Valley Bank, to obtain money and funds owned by and under the custody and control of the financial institutions, by means of materially false and fraudulent pretenses, representations, and promises, each such attempt being a separate count of this Indictment:

| COUNT | Account Holder | Amount | Date of Withdrawal (on or about) | Financial Institution |
|---|---|---|---|---|
| 2 | D.D. | $12,500 | October 24, 2023 | America First Credit Union |
| 3 | D.P. | $7,000 | October 26, 2023 | Cache Valley Bank |
| 4 | J.E. | $2,000 | November 7, 2023 | America First Credit Union |
| 5 | R.S. | $2,800 | November 8, 2023 | America First Credit Union |

All in violation of 18 U.S.C. § 1344.

## COUNTS 6–7
18 U.S.C. § 1028A
(Aggravated Identity Theft)

21. All the allegations set forth in this Indictment are incorporated herein by reference and realleged as though fully set forth herein.

22. On or about the dates set forth below, in the District of Utah and elsewhere,

**GEORGE GORDON,
SHAQUILLE DEWAR,
JAMAL DANIEL, and
NICHOLAS HORACE TODD,**

DEFENDANTS herein, during and in relation to a felony violation, to wit, Bank Fraud in violation of 18 U.S.C. § 1344, knowingly attempted to and did, without lawful authority, transfer, possess and use a means of identification of another person, knowing that the means of identification belonged to an actual person, each instance described below being a separate violation of Title 18, United States Code, Section 1028A:

| Count | Date (on or about) | Means of Identification | Predicate Count |
|---|---|---|---|
| 6 | October 26, 2023 | Name, Account Information, False Passport Card for D.P. | 3 |
| 7 | November 8, 2023 | Name, Account Information, Fake Identification, Signature | 5 |

All in violation of 18 U.S.C. § 1028A(a)(1).

8

## NOTICE OF INTENT TO SEEK FORFEITURE

Pursuant to 18 U.S.C. § 982(a)(2)(A), upon conviction of any offense violating 18 U.S.C. § 1344, DEFENDANTS shall forfeit to the United States of America any property constituting, or derived from, proceeds obtained directly or indirectly, as a result of the scheme to defraud.

Pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), upon conviction of any offense violating 18 U.S.C. § 1344, DEFENDANTS shall forfeit to the United States of America any property, real or personal, that constitutes or is derived from proceeds traceable to the offense.

The United States may seek a forfeiture money judgment equal to the value of any property not available for forfeiture as a result of any act or omission of DEFENDANTS for one or more of the reasons listed in 21 U.S.C. § 853(p).

The United States may seek to forfeit substitute property under 21 U.S.C. § 853(p) (applicable under 18 U.S.C. § 982(b) and 28 U.S.C. § 2461(c)).

A TRUE BILL:

/S/
_____
FOREPERSON OF GRAND JURY

TRINA A. HIGGINS
United States Attorney

_____
LUISA GOUGH
Assistant United States Attorney

9